[Cite as *State v. Chattoo*, 2020-Ohio-6800.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. W. Scott Gwin, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J. |
| | Hon. Earle E. Wise, Jr., J. |
| -vs- | |
| | Case No. 19 CAC 11 0061 |
| AVIN CHATTOO | |
| | |
| Defendant-Appellant | O P I N I O N |


| | |
|---|---|
| CHARACTER OF PROCEEDING: | Criminal Appeal from the Municipal Court, Case No. 19 TRC 5108 |
| JUDGMENT: | Reversed and Remanded |
| DATE OF JUDGMENT ENTRY: | December 18, 2020 |


APPEARANCES:

| | |
|---|---|
| For Plaintiff-Appellee | For Defendant-Appellant |
| AMELIA BEAN-DEFLUMER | APRIL F. CAMPBELL |
| ASSISTANT PROSECUTOR | CAMPBELL LAW, LLC |
| 70 North Union Street | 545 Metro Place South, Suite 100 |
| Delaware, Ohio 43015 | Dublin, Ohio 43017 |

*Wise, John, J.*

{¶1} Appellant Avin Chattoo appeals his sentence from the Delaware County Municipal Court after entering a plea of no contest to one count of Operating a Motor Vehicle Under the Influence of Alcohol or Drugs in violation of R.C. 4511.19(A)(1)(a).

## FACTS AND PROCEDURAL HISTORY

{¶2} On April 14, 2019, a manager from McDonald's in Lewis Center called 911 to report a suspected impaired driver. He observed a light blue Mercedes in their drive thru lane being driven by a suspected drunk driver.

{¶3} Officer Cooke from the Powell Police Department initiated a traffic stop of Appellant on US-23 in Delaware County, Ohio. After the initial stop, Deputy Hartzler, with the Delaware County Sherriff's Office, arrived on scene and took over the investigation. Deputy Hartzler was not present when Officer Cooke pulled Appellant over. Deputy Hartzler charged Appellant with Operating a Vehicle Under the Influence in violation of R.C. 4511.19(A)(1)(a).

{¶4} On April 16, 2019, Appellant entered a plea of not guilty.

{¶5} On May 13, 2019, Appellant filed a Motion to Suppress arguing Officer Cooke did not have reasonable suspicion to pull Appellant over.

{¶6} On August 1, 2019, the trial court held an evidentiary hearing on the matter. At the evidentiary hearing, Appellee did not call Officer Cooke to testify. Instead, Deputy Hartzler, who was not present at the time Officer Cooke initiated the stop, testified that he had no knowledge of why Officer Cooke initiated a traffic stop on the Appellant. Deputy Hartzler also testified that he did not observe any traffic violations, and Officer Cooke did not disclose any to Deputy Hartzler.

{¶7}     Next, Appellee played the 911 call the McDonald's manager made. Deputy Hartzler testified that he thinks the dispatch would have been communicated to Officer Cooke, but Officer Cooke did not communicate to Deputy Hartzler that he heard the dispatch.

{¶8}     After the hearing, Appellee argued the 911 call provided reasonable suspicion to effectuate the traffic stop. Appellee claimed that Officer Cooke heard the same dispatch that Deputy Hartzler did, but no evidence was presented during the hearing on which to base this conclusion.

{¶9}     Appellant argued that the State presented no evidence of Officer's Cooke's reasonable suspicion to support the traffic stop. As such, the State did not meet its burden of proof that Officer Cooke had reasonable suspicion to effectuate the traffic stop of Appellant.

{¶10}    On August 15, 2019, the trial court overruled Appellant's Motion to Suppress finding that the caller's observation of Appellant's slurred speech and his behavior of nearly falling asleep behind the wheel was sufficient to support Officer Cooke's stop.

{¶11}    On October 28, 2019, Appellant entered a plea of no contest to the charge.

**ASSIGNMENT OF ERROR**

{¶12}    On November 27, 2019, Appellant filed a notice of appeal raising the following Assignment of Error:

{¶13}    "I. OFFICER COOKE LACKED A REASONABLE SUSPICION OF CRIMINAL ACTIVITY TO STOP AVIN CHATTOO, REQUIRING SUPPRESSION OF THE EVIDENCE AGAINST HIM."

**I.**

**{¶14}** Appellant, in his sole assignment of error, argues that the trial court erred in denying his Motion to Suppress. We agree.

### A. The State adduced no evidence as to what Officer Cooke relied on when stopping Appellant

**{¶15}** In his first issue presented, Appellant argues since Appellee presented no evidence as to what Officer Cooke relied on when effectuating a traffic stop of Appellant, the trial court should have suppressed the evidence against him.

**{¶16}** Appellate review of a trial court's decision to deny a motion to suppress involves a mixed question of law and fact. *State v. Long*, 127 Ohio App.3d 328, 332, 713 N.E.2d 1 (4th Dist. 1998). During a suppression hearing, the trial court assumes the role of trier of fact and, as such, is in the best position to resolve questions of fact and to evaluate witness credibility. *State v. Brooks*, 75 Ohio St.3d 148, 154, 1996-Ohio-134, 661 N.E.2d 1030. A reviewing court is bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. *State v. Medcalf*, 111 Ohio App.3d 142, 145, 675 N.E.2d 1268 (4th Dist. 1996). Accepting these facts as true, the appellate court must independently determine as a matter of law, without deference to the trial court's conclusion, whether the trial court's decision meets the applicable legal standard *State v. Williams*, 86 Ohio App.3d 37, 41, 619 N.E.2d 1141 (4th Dist. 1993), *overruled on other grounds*, *State v. Gunther*, 4th Dist. Pickaway No. 04CA25, 2005-Ohio-3492, ¶16.

**{¶17}** Three methods exist to challenge a trial court's ruling on a motion to suppress. First, appellant may challenge the trial court's findings of fact. *State v. Fanning*, 1 Ohio St.3d 19, 20, 437 N.E.2d 583 (1982). Second, appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, the

appellate court can reverse the trial court for committing an error of law. *Williams* at 41. Third, appellant may argue the trial court incorrectly decided the ultimate issue raised in the motion to suppress. When addressing the third type of challenge, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in the given case (Citation omitted.) *State v. Curry*, 95 Ohio App.3d 93, 96, 641 N.E.2d 1172 (8th Dist. 1994).

**{¶18}** Appellant specifically contends that the trial court erred by finding Officer Cooke had reasonable suspicion to initiate a traffic stop on Appellant.

**{¶19}** In *State v. Mays*, 119 Ohio St.3d 406, 2008-Ohio-4539, 894 N.E.2d 1204, ¶7, the State of Ohio Supreme Court stated the applicable legal standard that courts are to apply in review of traffic stops:

> The Fourth Amendment to the United States Constitution and Section 14, Article I of the Ohio Constitution guarantee the right to be free from unreasonable search and seizures. *State v. Orr* (2001), 91 Ohio St.3d 389, 391, 745 N.E.2d 1036. The United States Supreme Court has stated that a traffic stop is constitutionally valid if an officer has a reasonable and articulable suspicion that a motorist has committed, is committing, or is about to commit a crime. *Delaware v. Prouse* (1979), 440 U.S. 648, 663, 99 S.Ct. 1391, 59 L.Ed.2d 660; *Berkemer v. McCarty* (1984), 468 U.S. 420, 439, 104 S.Ct. 3138, 82 L.Ed.2d 317, quoting *United States v. Brignoni-Ponce* (1975), 422 U.S. 873, 881, 95 S.Ct. 2574, 45 L.Ed.2d 607. Further, "[t]he propriety of an investigative stop by a police officer must be viewed in light of the totality

of the circumstances." *State v. Freeman* (1980), 64 Ohio St.2d 291, 18 O.O.3d 472, 414 N.E. 2d 1044, at paragraph one of the syllabus.

**{¶20}** Therefore, if an officer's decision to stop a motorist for a criminal violation is prompted by a reasonable and articulable suspicion considering all the circumstances, then the stop is constitutionally valid.

**{¶21}** In *State v. Wagner*, 11th Dist. Portage No. 2010-P-0014, 2011-Ohio-772, the prosecution presented no evidence at the suppression hearing as to why the officer initiated the traffic stop. The prosecution did not call the responding officer, and the witnesses the prosecution did call did not testify as to what the officer was told. *Id*. Since the state presented no evidence that a dispatch regarding a traffic violation was issued to the officer prior to conducting a stop of the defendant, no reasonable suspicion existed for a stop on such grounds.

**{¶22}** In the case *sub judice*, Deputy Hartzler was the only witness to testify at the suppression hearing. Deputy Hartzler did not testify that Officer Cooke heard the dispatch, or why Officer Cooke initiated the traffic stop. Since Appellee presented no evidence that Officer Cooke received the dispatch regarding the report of a suspected impaired driver, no reasonable suspicion existed for a stop on these grounds.

### B. The tip provided to the Sherriff's dispatcher lacked sufficient information to provide reasonable suspicion that Appellant was operating a motor vehicle under the influence of drugs or alcohol

**{¶23}** In his second issue presented, Appellant argues the tip provided to the Sherriff's dispatcher lacked sufficient information to provide reasonable suspicion that Appellant was operating a motor vehicle under the influence of drugs or alcohol.

**{¶24}** We decline to opine on the issue of the sufficiency of the information provided to Sherriff's dispatcher. This issue is moot in light of our disposition of Appellant's first issue.

**{¶25}** Appellant's sole Assignment of Error is with merit.

**{¶26}** For the foregoing reasons, the judgment of the Municipal Court of Delaware County, Ohio, is hereby reversed and remanded for further proceedings consistent with this opinion.

By: Wise, John, J.

Gwin, P. J., and

Wise, Earle, J., concur.


JWW/br 1217